FILED

DEC 1 2 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE, CDCR # AD-6237, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD DOMINITZ; MARY LOEB; JOHN DOE; SGT. LASHER, <br><br> Defendants. | Civil No.   11-2386 BEN (POR) <br><br> **ORDER:** <br><br> **(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*; and <br><br> **(2)  DISMISSING ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)** <br><br> **[ECF No. 4]** |

Plaintiff, a state inmate currently incarcerated at the California State Prison located in Lancaster, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).[1]

---

[1] This is Plaintiff's Second Motion to Proceed IFP. The first Motion filed by Plaintiff failed to contain a certified copy of his inmate trust account as required by 28 U.S.C. § 1915(a)(2). Thus, the Court initially denied Plaintiff's Motion to Proceed IFP but provided him with the proper forms and instructions as to how to properly move to proceed IFP. Plaintiff has now filed a second Motion to Proceed IFP that does comply with 28 U.S.C. § 1915(a)(2), but he has also filed a document entitled "objection" to the Court's first Order. However, Plaintiff's newly filed Motion to Proceed IFP, in which he provides a certified copy of his inmate trust account statement,  has made Plaintiff's objection moot.

I.    **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP, however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

II.    **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

11cv2386 BEN (POR)

1    Plaintiff alleges in his Complaint that he has been falsely arrested and subjected to prosecutorial

2    misconduct resulting in a criminal conviction. These claims amount to an attack on the constitutional

3    validity of an underlying state criminal proceeding, and as such, may not be maintained pursuant to 42

4    U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v.*

5    *Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003)

6    ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no

7    cause of action under § 1983. . . .'" (quoting *Heck*, 512 U.S. at 489)).

8    "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy

9    the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner

10   in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his

11   confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas

12   corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489).

13   Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)—no matter the relief sought

14   (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or

15   internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of

16   confinement or its duration." *Wilkinson*, 544 U.S. at 82.

17   In this case, Plaintiff's claims that his constitutional rights were violated during his criminal trial

18   "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512

19   U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary

20   principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding

21   *criminal judgments*." *Id.* at 486 (emphasis added). This is precisely what Plaintiff attempts to

22   accomplish here. Therefore, to satisfy *Heck*'s "favorable termination" rule, Plaintiff must first allege

23   facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has

24   already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by

25   a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ

26   of habeas corpus. *Id.* at 487 (emphasis added).

27   Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks

28   damages for allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal

1   case, and because he has not shown that his conviction has been invalidated, either by way of direct
2   appeal, state habeas, or pursuant to 28 U.S.C. § 2254, a § 1983 claim for damages cannot be maintained,
3   *see id.* at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa*
4   *Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and
5   thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever
6   succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d
7   251, 255 (9th Cir. 1997).

8          Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims are
9   based has already been terminated in his favor, his Complaint would still be subject to dismissal
10  pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to the extent it seeks monetary damages against
11  the Deputy District Attorney and a San Diego Superior Court Judge. Criminal prosecutors are absolutely
12  immune from civil damages suits premised upon acts committed within the scope of their official duties
13  which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*,
14  424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*,
15  500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or
16  dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075
17  (9th Cir. 1986).

18         Defendant Dominitz is also absolutely immune from money damages arising from alleged
19  constitutional violations during Plaintiff's criminal trial. "Judges and those performing judge-like
20  functions are absolutely immune from damage liability for acts performed in their official capacities."
21  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as a Superior Court Judge for the
22  State of California, Judge Dominitz has absolute immunity from civil proceedings relating to these
23  actions, which were performed within his judicial discretion.

24         For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for
25  failing to state a claim upon which relief can be granted and for seeking monetary damages against
26  immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

27

28

III.   **CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 4] is **GRANTED**.

2.   The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.   The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking money damages against immune Defendants.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

5.   Plaintiff is granted until January 23, 2012 to file an amended complaint which addresses each deficiency of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. CAL. CIV. L.R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6.   The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

DATED: December 17, 2011

HON. ROGER T. BENITEZ
United States District Court Judge