FILED
JAN 27 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE, CDCR # AD-6237,<br><br>                      Plaintiff,<br><br>vs.<br><br>RONALD DOMINITZ; MARY LOEB; JOHN DOE; SGT. LASHER; STINNETT,<br><br>                      Defendants. | Civil No.   11-cv-2386 BEN (POR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

**I.   PROCEDURAL HISTORY**

On October 13, 2011, Plaintiff, a state inmate currently incarcerated at the California State Prison located in Lancaster, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). On December 12, 2011, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim and for seeking monetary damages against Defendants who are immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (*See* Dec. 12, 2011 Order, at 5.) On January 17, 2012, Plaintiff filed a First Amended Complaint.

/ / /

/ / /

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Once again, Plaintiff alleges in his First Amended Complaint that he was falsely arrested in 2007. Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Here, Plaintiff seeks to hold Defendants liable for events that occurred in 2007. Thus, Plaintiff

would have reason to believe that his constitutional rights were violated four years ago. *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this action until October 13, 2011, which exceeds California's statute of limitations. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927. Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See, e.g.*, CAL. CODE CIV. PROC. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that Section 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice").

Pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2007, would be tolled for two years. California's two-year statute of limitations would then begin to run—requiring Plaintiff to file this action against these Defendants—no later than October of 2009. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Fink*, 192 F.3d at 916; *Hull v. Cent. Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (2d Dist. 1994); *Addison v. California*, 21 Cal.3d 313, 316-17 (1978). Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). Thus, Plaintiff's claims against Defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that Plaintiff's claims are time-barred. *Id.*

In addition, while Plaintiff also names individual San Diego Police Officers based on allegations that they illegally searched his car and falsely arrested him, he has still failed to plead facts sufficient to state a claim under § 1983. A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. *See Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993).

However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal.... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted).

As to Fourth Amendment claims under *Heck* specifically, the Ninth Circuit has further held that "a § 1983 action alleging illegal search and seizure of evidence *upon which criminal charges are based* does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (quoting *Heck*, 512 U.S. at 484-85) (emphasis added). "Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the *Heck* Court's objectives of preserving consistency and finality, and preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit.'" *Id.* (quoting *Heck*, 512 U.S. at 484-85).

Here, Plaintiff challenges the validity of the search of his vehicle that resulted in his arrest. (*See* FAC, at 6.) Therefore, like the Plaintiff in *Harvey*, Plaintiff's Fourth Amendment claims are precluded by *Heck*. *See Harvey*, 210 F.3d at 1015-16 ("In the present case, the evidence seized in the allegedly unlawful search—gaming devices—was an essential element of the crime of which Harvey was charged—illegal possession of gaming devices."). Since Plaintiff was arrested and convicted, "a § 1983 action challenging the legality of the search and resulting seizure of this evidence, if successful," would "necessarily imply the invalidity" of his conviction, and is not cognizable under *Heck* unless Plaintiff can show his conviction has already been invalidated. *Id.*; *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (unlawful arrest claims barred by *Heck*); *accord Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Finally, Plaintiff continues to seek money damages against the deputy District Attorney.

1  Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed
2  within the scope of their official duties which are "intimately associated with the judicial phase of the
3  criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509
4  U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even
5  when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty.
6  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

7      For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed
8  sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary
9  damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

10 **III.  CONCLUSION AND ORDER**

11     Good cause appearing, **IT IS HEREBY ORDERED**:

12     1.  Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to
13 state a claim upon which relief may be granted and for seeking money damages against immune
14 Defendants. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

15     2.  Plaintiff is granted until <u>March 15, 2012</u> in which to file a second amended complaint
16 which addresses each deficiency of pleading noted above. Plaintiff's Second Amended Complaint must
17 be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIV. L.R. 15.1.
18 Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed
19 to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

20     3.  The Clerk of Court is directed to mail a court approved form § 1983 complaint to
21 Plaintiff.

22 DATED: January 27, 2012

23                            HON. ROGER T. BENITEZ
                              United States District Court Judge