FILED

2012 JUN 11 PM 1:56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___yam___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE, CDCR # AD-6237,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD DOMINITZ; MARY LOEB; JOHN DOE; SGT. LASHER; STINNETT,<br><br>Defendants. | Civil No. 11cv2386 BEN (DHB)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

### I. Procedural History

On October 13, 2011, Plaintiff, a state inmate currently incarcerated at the California State Prison located in Lancaster, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). On December 12, 2011, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim and for seeking monetary damages against Defendants who are immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (*See* Dec. 12, 2011 Order, at 5.)

On January 17, 2012, Plaintiff filed his First Amended Complaint ("FAC"). Again, the Court conducted the required sua sponte screening and found that Plaintiff's First Amended Complaint contained the same deficiencies previously identified by the Court in the December 12, 2011 Order. (*See* Jan. 27, 2012 Order, at 4-5.) Thus, Plaintiff's First Amended Complaint

was, once again, dismissed for failing to state a claim and for seeking monetary damages against defendants who are immune. *Id.* Plaintiff was granted leave to file an Amended Complaint. (*Id.* at 5.) On February 27, 2012, Plaintiff filed his Second Amended Complaint ("SAC").

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

In his Second Amended Complaint, Plaintiff seeks to hold liable a San Diego Superior Court Judge, a Deputy District Attorney, and San Diego Police Officers liable for actions taken in his criminal proceedings. Specifically, Plaintiff claims that the Deputy District Attorney offered perjured testimony by the San Diego Police Officers who were involved in Plaintiff's arrest and the Superior Court Judge allowed the Defendants to conceal exculpatory evidence. (*See* SAC at 8-14.)

However, these claims amount to an attack on the constitutional validity of an underlying criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983. . . .'" (quoting *Heck*, 512 U.S. at 489)).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to

remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82.

In this case, Plaintiff's claims that his constitutional rights were violated during his criminal proceedings "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Id.* at 486 (emphasis added). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck*'s "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Id.* at 487.

Plaintiff's Second Amended Complaint alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings in a criminal case, and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas, or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see id.* at 489-90, and his Second Amended Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir.

1997).

Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims are based has already been terminated in his favor, his Second Amended Complaint would still be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to the extent it seeks monetary damages against the criminal prosecutors and Judges.

As stated above, Plaintiff's names San Diego Superior Court Judge Ronald Domnitz as a Defendant who appears to have presided over his criminal proceedings. To the extent Plaintiff seeks damages under § 1983 against Judge Domnitz for allegedly violating his constitutional rights during his criminal proceedings, this Defendant is entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). Thus, Plaintiff's claims against Defendant Domnitz are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a Defendant who is immune from such relief without leave to amend.

Likewise, the Court must dismiss Plaintiff's claims for money damages against Defendant Mary Loeb. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman*, 793 F.2d at 1075. Thus, Plaintiff's claim against Defendant Loeb is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief without leave to amend.

Moreover, to the extent that Plaintiff seeks monetary damages from the San Diego Police Officer Defendants who were witnesses at his trial for allegedly committing perjury, these

Defendants are also absolutely immune. *See* 28 U.S.C. §§ 1915(e)(2)(b)(iii) & 1915A(b)(2). "Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)). "Witness immunity also extends to conspiracies to commit perjury." *Id.* (citing *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000); *see also Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986).

For all these reasons, the Court finds that Plaintiff's Second Amended Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking money damages against immune Defendants. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

2. Because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile." (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

DATED: June 11, 2012

HON. ROGER T. BENITEZ
United States District Judge